IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAMIAN JACKSON; | ) |
| HOLLY JACKSON; | ) |
| STREAMLINE PROPERTY | ) |
| SOLUTIONS, LLC; | ) |
| SABO ACCEPTANCE CORP.; | ) |
| MACOMB COUNTY, MICHIGAN; and | ) |
| STATE OF MICHIGAN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action (1) to reduce to judgment unpaid federal tax liabilities owed by Damian Jackson and Holly Jackson; (2) to enforce the federal tax liens against certain real property belonging to them; and (3) to enforce a judgment of restitution against certain real property belonging to them. For its complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a)

and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Damian Jackson resides in Sterling Heights, Michigan, within the jurisdiction of this Court.

3. The defendant Holly Jackson, is married to Damian Jackson and resides in Sterling, Heights, Michigan, within the jurisdiction of this Court.

4. Defendant Streamline Property Solutions, LLC, is a limited liability company organized in the State of Michigan and is joined as a party as required by 26 U.S.C. § 7403(b), because it has, or may claim, an interest in the property described below.

5. Defendant Streamline Property Solutions, LLC, is an entity owned by Defendant Damian Jackson.

6. Defendant Sabo Acceptance Corporation, is a corporation incorporated in the State of Michigan and is joined as a party as required by 26 U.S.C. § 7403(b) because it has, or may claim, an interest in the property described below.

7. Defendant Macomb County, State of Michigan, is joined as a party as required by 26 U.S.C. § 7403(b) because it has, or may claim, an interest in the property described below.

8. Defendant State of Michigan is joined as a party as required by 26 U.S.C. § 7403(b) because it has, or may claim, an interest in the property described

below

9. The real property is commonly known as 33610 Wendy Drive, Sterling Heights, MI 48310 (the "Wendy Property"). The legal description of the Real Property is as follows:

> Lot 10, Koresky Subdivision, according to the plat thereof as recorded in Liber 95 of Plats, Page 14, Macomb County Records

## COUNT ONE
**Claim to Reduce Income Tax Liabilities to Judgment against Damian Jackson**

10. The United States incorporates by reference paragraphs 1 through 9 as if specifically realleged herein.

11. A delegate of the Secretary of the Treasury made joint assessments against Damian Jackson and Holly Jackson for income taxes and penalties for the periods, on the dates, and in the amounts described below, which have balances due with interest, accruals, and costs as of December 10, 2018, as follows:

| Tax Period Ending | Assessment Date | Balance Due December 10, 2018 |
|---|---|---|
| December 31, 2005 | March 16, 2009 | $8,912.58 |
| December 31, 2008 | September 14, 2009 | $953.40 |
| December 31, 2009 | October 18, 2010 | $22,243.61 |
| December 31, 2010 | March 21, 2011 | $54,030.55 |
| December 31, 2011 | December 14, 2015 | $7,911.22 |
| December 31, 2012 | April 4, 2016 | $48,272.97 |
| December 31, 2013 | January 11, 2016 | $66,763.46 |
| December 31, 2014 | February 15, 2016 | $56,272.89 |
| December 31, 2015 | June 13, 2016 | $12,794.78 |
| | **Total** | $342,324.33 |

12. Notice of the liabilities described in paragraph 11 was given to, and payment demanded from, Damian Jackson and Holly Jackson.

13. Despite proper notice and demand, Damain Jackson and Holly Jackson failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, they remain liable, jointly and severally, to the United States in the amount of $342,324.33, plus statutory additions accruing from and after December 10, 2018.

14. On or about, May 14, 2018, Defendant Holly Jackson submitted a request for innocent spouse relief from the income tax liabilities described above. As of the date of the filing of this Complaint, the Secretary of the Treasury has not made a final determination of the relief available to Holly Jackson.

## COUNT TWO
**Claim to Reduce Tax Penalty Liabilities to Judgment against Damian Jackson**

15. The United States incorporates by reference paragraphs 1 through 14 as if specifically realleged herein.

16. A delegate of the Secretary of the Treasury made assessments against Damian Jackson for penalties pursuant to 26 U.S.C. §§ 6701 and 6702 for the periods, and on the dates, described below, which have balances due with interest, accruals, and costs as of December 10, 2018, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Balance Due 12/10/2018 |
|---|---|---|---|
| December 31, 2005 | September 6, 2010 | 26 U.S.C. § 6702 | $6,681.37 |
| December 31, 2006 | May 24, 2010 | 26 U.S.C. § 6702 | $6,758.66 |
| December 31, 2007 | August 30, 2010 | 26 U.S.C. § 6702 | $6,686.51 |
| December 31, 2008 | August 30, 2010 | 26 U.S.C. § 6702 | $6,686.51 |
| December 31, 2010 | October 24, 2016 | 26 U.S.C. § 6701 | $134,952.96 |
| **Total** | | | $161,766.01 |

17. Notice of the liabilities described in paragraph 16 was given to, and payment demanded from, Damian Jackson.

18. Despite proper notice and demand, Damian Jackson failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $161,766.01, plus statutory additions accruing from and after December 10, 2018.

19. On April 16, 2015, Damian Jackson pleaded guilty to Conspiracy to Defraud the Government by Submitting False Claims, 18 U.S.C. § 286. In his plea, Damian Jackson agreed, among other things, that he is liable for "the preparer/promoter penalties under 26 U.S.C. §§ 6694 or 6701, and the frivolous submission penalty under 26 U.S.C. § 6702" described in paragraph 16.

20. As part of his plea agreement, Damian Jackson agreed "not to challenge or dispute" any of the penalties described in paragraph 16.

## COUNT THREE
**Claim to Reduce Tax Penalty Liabilities to Judgment against Holly Jackson**

21. The United States incorporates by reference paragraphs 1 through 20 as if specifically realleged herein.

22. A delegate of the Secretary of the Treasury made assessments against Holly Jackson for penalties pursuant to 26 U.S.C. §§ 6701 and 6702 for the periods, and on the dates, described below, which have balances due with interest, accruals, and costs as of December 10, 2018, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Balance Due 12/10/2018 |
|---|---|---|---|
| December 31, 2005 | September 6, 2010 | 26 U.S.C. § 6702 | $6,681.37 |
| December 31, 2006 | May 24, 2010 | 26 U.S.C. § 6702 | $6,758.66 |
| December 31, 2007 | August 30, 2010 | 26 U.S.C. § 6702 | $6,686.51 |
| December 31, 2008 | August 30, 2010 | 26 U.S.C. § 6702 | $6,686.51 |
| December 31, 2009 | October 24, 2016 | 26 U.S.C. § 6701 | $14,343.23 |
| December 31, 2010 | October 24, 2016 | 26 U.S.C. § 6701 | $134,952.96 |
| **Total** | | | $176,123.98 |

23. Notice of the liabilities described in paragraph 22 was given to, and payment demanded from, Holly Jackson.

24. Despite proper notice and demand, Holly Jackson failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, she remains liable to the United States in the amount of $176,123.98, plus statutory additions accruing from and after December 10, 2018.

25. On April 16, 2015, Holly Jackson pleaded guilty to Conspiracy to

Defraud the Government by Submitting False Claims, 18 U.S.C. § 286. In her plea, Holly Jackson agreed, among other things, that she is liable for "the preparer/promoter penalties under 26 U.S.C. §§ 6694 or 6701, and the frivolous submission penalty under 26 U.S.C. § 6702" described in paragraph 22.

26.  As part of her plea agreement, Holly Jackson agreed "not to challenge or dispute" any of the penalties described in paragraph 22.

## COUNT FOUR
### Claim that the Wendy Property Transfer to Streamline Property Solutions LLC was Fraudulent

27.  The United States incorporates by reference paragraphs 1 through 26, as if specifically realleged herein.

28.  Damian Jackson acquired the Wendy Property from Gary Becker and Barbara Becker, by Warranty Deed dated June 9, 2015.

29.  By quitclaim deed dated June 11, 2015, Damian Jackson and Holly Jackson purported to convey their interests in the Wendy Property to Streamline Property Solutions, LLC.

30.  Upon information and belief, Damian Jackson's and Holly Jackson's purported conveyance of the Wendy Property to Streamline Property Solutions, LLC, was made with the actual intent to hinder, delay, or defraud the United States of America.

31.  Upon information and belief, Damian Jackson and Holly Jackson

remained in possession and control of the Wendy Property at all times after June 11, 2015.

32. Upon information and belief, Damian Jackson and Holly Jackson were insolvent or became insolvent shortly after June 11, 2015.

33. Pursuant to Michigan Compiled Laws 556.34(a), the purported conveyance of Damian Jackson's and Holly Jackson's interest in the Wendy Property to Streamline Property Solutions, LLC is void as to the United States of America.

## COUNT FIVE
### Claim to Enforce Federal Tax Liens Against Real Property

34. The United States incorporates by reference paragraphs 1 through 33 as if specifically realleged herein.

35. Because Damian Jackson and Holly Jackson neglected, refused, or failed to pay the liabilities described in paragraphs 11, 16, and 22 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to Damian Jackson and Holly Jackson, then in existence or thereafter acquired, including the Wendy Property.

36. Notices of Federal Tax Lien ("NFTL") were filed against Damian Jackson with the Macomb County Register of Deeds Office, in accordance with 26 U.S.C. § 6323(f) as follows:

| Type of Assessment | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| Income Tax | December 31, 2005 | June 8, 2015 |
| | December 31, 2008 | |
| | December 31, 2009 | |
| | December 31, 2010 | |
| | December 31, 2011 | |
| | December 31, 2012 | |
| | December 31, 2013 | |
| | December 31, 2014 | |
| Penalties under 26 U.S.C. § 6701 | December 31, 2005 | June 8, 2015 |
| | December 31, 2006 | |
| | December 31, 2007 | |
| | December 31, 2008 | |
| Penalties under 26 U.S.C. § 6702 | December 31, 2010 | June 8, 2015 |

37. NFTLs were filed against Holly Jackson with the Macomb County Register of Deeds Office, in accordance with 26 U.S.C. § 6323(f) as follows:

| Type of Assessment | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| Income Tax | December 31, 2005 | June 8, 2015 |
| | December 31, 2008 | |
| | December 31, 2009 | |
| | December 31, 2010 | |
| | December 31, 2011 | |
| | December 31, 2012 | |
| | December 31, 2013 | |
| | December 31, 2014 | |
| Penalties under 26 U.S.C. § 6701 | December 31, 2005 | June 8, 2015 |
| | December 31, 2006 | |
| | December 31, 2007 | |
| | December 31, 2008 | |
| Penalties under 26 U.S.C. § 6702 | December 31, 2009 | June 8, 2015 |
| | December 31, 2010 | |

38. The United States is entitled to enforce the federal tax liens described in paragraphs 36 and 37 against the Wendy Property pursuant to 26 U.S.C. § 7403 and to have the entire Wendy Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed, after the payment of the costs of sale and any real estate taxes due and owing, to the United States and the other parties in accordance with their lawful priorities.

## COUNT SIX
### Claim to Enforce Restitution Judgment Against Real Property

39. The United States incorporates by reference paragraphs 1 through 36 as if specifically realleged herein.

40. As part of the Plea Agreements that Defendants Damian Jackson and Holly Jackson entered into on April 16, 2015, the Defendants each agreed to the entry of an order of restitution for $670,342.00

41. On August 12, 2015, judgment was entered against Damian Jackson pursuant to his April 16, 2015 guilty plea, and he was ordered to pay restitution in the amount of $670,442.00.

42. On August 12, 2015, judgment was entered against Holly Jackson pursuant to her April 16, 2015 guilty plea, and she was ordered to pay restitution in the amount of $670,442.00

43. The restitution judgment against Damian Jackson was recorded in the Macomb County Register of Deeds on October 14, 2015 and attaches to Damian Jackson's interest in the Wendy Property.

44. The restitution judgment against Holly Jackson was recorded in the Macomb County Register of Deeds on October 14, 2015 and attaches to Holly Jackson's interest in the Wendy Property.

45. Pursuant to 18 U.S.C. § 3613, the United States is entitled to enforce the August 12, 2015 judgments against Damian Jackson and Holly Jackson against the Wendy Property and have the Wendy Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, to the United States and the other parties in accordance with their lawful priorities.

WHEREFORE, the plaintiff United States of America respectfully requests a judgment determining that:

A. The defendant Damian Jackson is liable to the plaintiff United States for income tax liabilities for the periods ending December 31, 2005, 2008, 2009, 2010, 2011, 2012, 2013, 2014, and 2015, in the amount of $342,324.33, plus statutory additions accruing from and after December 10, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. The defendant Damian Jackson is liable to the plaintiff United States for penalties under 26 U.S.C. § 6702 for the periods ending December 31, 2005, 2006, 2007, and 2008, and under 26 U.S.C. § 6701 for the period ending December 31, 2010 in the amount of $161,766.01, plus statutory additions accruing from and after December 10, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C. The defendant Holly Jackson is liable to the plaintiff United States for penalties under 26 U.S.C. § 6702 for the periods ending December 31, 2005, 2006, 2007, and 2008, and under 26 U.S.C. § 6701 for the periods ending December 31, 2009 and 2010 in the amount of $176,123.98 plus statutory additions accruing from and after December 10, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

D. The purported transfer of Damian Jackson's and Holly Jackson's interest in the Wendy Property to Streamline Property Solutions, LLC, is void as a fraudulent transfer, pursuant to MCL 566.34 as to the plaintiff United States;

E. The United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraphs A through C on all property and rights to property belonging to the defendant Damian Jackson and the defendant Holly Jackson, including the Wendy Property;

F. The United States has valid and subsisting restitution judgment liens

under 18 U.S.C. § 3613 against the Wendy Property.

G. The federal tax liens and restitution judgment liens shall be enforced by ordering the sale of the entire Wendy Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Wendy Property; second, to the defendant Macomb County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the restitution judgments and the liabilities described in paragraphs A through C, except to the extent that the Court determines that another party has a superior right, title, claim, lien, or interest; or, alternatively, as otherwise determined by the Court in accordance with the law;

H. The Court determine that the failure by any defendant other that the defendants Damian Jackson, Holly Jackson and Macomb County , Michigan, to timely plead a right, title, claim, lien or interest in the Wendy Property shall result in a default being entered against that party, and a default judgment finding that said party has no right, title, claim, lien, or other interest in the proceeds of the sale of the Wendy Property; and,

I. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

    Respectfully submitted,

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    <u>/s/ James M. Strandjord</u>
    JAMES M. STRANDJORD
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C.  20044
    202-616-3345 (v)
    202-514-5238 (f)
    James.M.Strandjord@usdoj.gov

LOCAL COUNSEL:

MATTHEW J. SCHNEIDER
United States Attorney

PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313)226-9784
P30643
<u>peter.caplan@usdoj.gov</u>