IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case 2:19-cv-10750-NGE |
| Plaintiff, | ) |
| | ) Hon. Nancy G. Edmunds |
| v. | ) |
| | ) |
| DAMIAN JACKSON; | ) |
| HOLLY JACKSON; | ) |
| STREAMLINE PROPERTY | ) |
| SOLUTIONS, LLC; | ) |
| SABO ACCEPTANCE CORP.; | ) |
| MACOMB COUNTY, MICHIGAN; and | ) |
| STATE OF MICHIGAN, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF UNITED STATES' MOTION FOR LEAVE
TO FILE AN AMENDED AND SUPPLEMENTED COMPLAINT**

Pursuant to Rule 15(a) and (d) of the Federal Rules of Civil Procedure, the plaintiff United States of America hereby moves for leave to amend and supplement its Complaint (ECF No. 1), and file as its operative complaint its proposed First Amended and Supplemented Complaint, attached hereto.

In accordance with E.D. Mich. LR 7.1(a), counsel for the United States sought the concurrence of unrepresented defendants Damian Jackson and Holly Jackson in a telephonic conference on October 5, 2022, during which counsel

1

explained the nature of the motion and requested but did not obtain concurrence in the relief sought.

In support of this motion is attached a brief, one exhibit, and the proposed First Amended and Supplemented Complaint.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

DAWN N. ISON
United States Attorney

*/s/ Ryan D. Galisewski*
RYAN D. GALISEWSKI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-3719 / Fax: (202) 514-5238
Ryan.D.Galisewski@usdoj.gov

JACQUELINE M. HOTZ
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Tel: (313) 226-9108
Jackie.Hotz@usdoj.gov
Mich. Bar No.: P35219

2

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | Case 2:19-cv-10750-NGE-SDD |
| Plaintiff,     ) | |
| ) | Hon. Nancy G. Edmunds |
| v.     ) | |
| ) | |
| DAMIAN JACKSON;     ) | |
| HOLLY JACKSON;     ) | |
| STREAMLINE PROPERTY     ) | |
| SOLUTIONS, LLC;     ) | |
| SABO ACCEPTANCE CORP.;     ) | |
| MACOMB COUNTY, MICHIGAN; and ) | |
| STATE OF MICHIGAN,     ) | |
| ) | |
| Defendants.     ) | |

**BRIEF IN SUPPORT OF UNITED STATES' MOTION FOR
LEAVE TO FILE AN AMENDED AND SUPPLEMENTED COMPLAINT**

## Issue Presented

Should the plaintiff United States of America be given leave to amend and supplement its complaint to add allegations and amend claims after various intervening events affecting the claims and parties in this action, particularly the discharges in defendants Holly and Damian Jackson's bankruptcy cases, the denial of Holly Jackson's request to the IRS for innocent spouse relief, filings of replacement notices of federal tax liens, and the prior satisfaction of the mortgage of the lienholder defendant Sabo Acceptance Corp.?

## Controlling or Most Appropriate Authority

- Rule 15 of the Federal Rules of Civil Procedure

- 11 U.S.C. § 523(a)(13) and § 524

- *In re Kalabat*, 592 B.R. 134 (Bankr. E.D. Mich. 2018)

## Procedural History

1. The United States filed this action on March 12, 2019, seeking to reduce to judgment unpaid federal tax liabilities owed by Damian Jackson and Holly Jackson, and to enforce against real property belonging to them the federal tax liens and liens for judgments of restitution arising out of criminal plea agreements they entered into. (ECF No. 1.)

2. On April 29, 2019, Answers and Affirmative Defenses to the United States' Complaint were filed by Defendants Holly Jackson (ECF Nos. 6 & 7) and Damian Jackson (ECF Nos. 8 & 9).

3. On June 7, 2019, the parties submitted a Joint Discovery Plan (ECF No. 18) that stipulated to four months of discovery and the possibility of amending the complaint pending the resolution of Defendant Holly Jackson's innocent spouse claim before the IRS.

4. On June 20, 2019, the United States filed a Suggestion of Bankruptcy (ECF No. 19) notifying the Court that Defendant Holly Jackson had on June 13, 2019, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United

2

States Code, assigned to Bankruptcy Case No. 19-48831 in the Bankruptcy Court for the Eastern District of Michigan, and that the petition operated as a stay of actions as to her.

5. On September 11, 2019, the Court entered a Scheduling Order (ECF No. 22) ordering that dispositive motions be filed by February 3, 2020.

6. On January 31, 2020, the United States filed an Unopposed Motion for Extension of Time to File Dispositive Motions (ECF No. 23), moving for a modification of the Scheduling Order to extend the dispositive motion deadline of February 3, 2020, to March 18, 2020. The Court granted this motion by text-only order on the docket on February 3, 2020.

7. On March 17, 2020, the United States filed a Suggestion of Bankruptcy (ECF No. 24) notifying the Court that Defendant Damian Jackson had on March 17, 2020, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, assigned to Bankruptcy Case No. 20-43978 in the Bankruptcy Court for the Eastern District of Michigan, and that the petition operated as a stay of actions as to him.

8. On April 8, 2020, the Court entered an Order Staying and Administratively Closing Case Due to Defendant Damian Jackson's Bankruptcy Filing (ECF No. 25), ordering that the action is stayed, that the case is closed for administrative purposes without prejudice, and "that if the bankruptcy proceedings

3

are terminated or the automatic stay is lifted with reference to the instant matter by the bankruptcy court, then this case may be reopened upon the motion of any party."

9. On October 15, 2019, the bankruptcy court closed Holly Jackson's bankruptcy case, after entering a discharge.

10. On January 24, 2022, the bankruptcy court closed Damian Jackson's bankruptcy case, after entering a discharge.

11. The United States has, just before this filing, filed a motion to reopen this case, in accordance with the Court's April 8, 2020 order.

## Grounds for Relief

The United States moves under Rule 15(a) and (d) of the Federal Rule of Civil Procedure for leave to file an amended and supplemented complaint. Under Rule 15(a), a party may amend its pleading before trial with the Court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments under Rule 15(a) can be made," *inter alia*, "to state additional claims, … to elect different remedies, or to add, substitute or drop parties to the action." *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 544 (E.D. Mich. 2015). Under Rule 15(d) a party may supplement its pleading based on post-complaint events.

4

This case was administratively closed for the pendency of the defendants Holly Jackson's and Damian Jackson's bankruptcy cases. The bankruptcy court entered a general discharge in both cases, before closing them. The United States is now moving to reopen the case and seeks to amend the complaint based on intervening events. In particular:

- The original complaint had alleged that Holly Jackson had filed a request for innocent spouse relief from jointly assessed income tax liabilities. The IRS denied the requested relief. Holly Jackson did not appeal to the Tax Court under 26 U.S.C. § 6015(e). Accordingly, the United States seeks to supplement the complaint to note that the request was denied and to enforce the liens for the joint income tax liabilities against Holly Jackson's interest in the subject property and seek judgment against her for the remaining unpaid income tax liabilities by claiming that the tax and interest thereon (excluding the penalties) are excepted from discharge.[1]

- The original complaint included Sabo Acceptance Corp. as a defendant because it may have claimed an interest in the real property at issue based on a mortgage on the Wendy Property (as defined in the complaint). However,

---

[1] The United States maintains that the Tax Court was the exclusive avenue for judicial review of the denial of innocent spouse relief under 26 U.S.C. § 6015(f) and that by not appealing to the Tax Court, Holly Jackson waived judicial review in the only forum it was available.

5

this mortgage was discharged on January 20, 2022, and Sabo Acceptance Corp. should be dismissed from this action and the complaint amended accordingly. (*See* Exhibit A attached hereto (Discharge of Mortgage).)

- While the original complaint alleged criminal restitution judgments and asserted a claim to enforce those judgments, the United States now seeks to amend the complaint to add a request to enforce restitution alternatively through civil restitution-based assessments made by the IRS pursuant to 26 U.S.C. § 6201(a)(4), which are also alleged in the proposed First Amended and Supplemented Complaint. The United States also seeks new relief in the form of a judgment for the restitution-based assessment liabilities.
- Since the original Complaint was filed, new lien filings have been recorded that support the enforceability of the federal tax liens that have attached to the property of Damian and Holly Jackson. The proposed First Amended and Supplemented Complaint adds allegations concerning relevant lien recordings.

The United States expects that defendants will argue that the bankruptcy discharges have relieved them of all accountability for their tax debts. However, the relief the discharges provide for the alleged tax liabilities are limited, for the following reasons:

6

- Restitution and restitution-based assessments:  The criminal restitution judgments entered against Damian Jackson and Holly Jackson are excepted from the bankruptcy discharges under 11 U.S.C. § 523(a)(13), as are the civil restitution-based assessments made by the IRS.  (The restitution-based assessments were not included in the original complaint and are being added in the proposed First Amended and Supplemented Complaint.  These civil assessments provide alternative means of collecting the same restitution liability, including by enabling the IRS to use its administrative collection powers that would not be available to collect the criminal judgment.)
- Income tax liabilities—lien enforcement:  The liabilities for income tax, along with interest that accrued before the operative bankruptcy petition, were secured by Notices of Federal Tax Lien duly recorded in Macomb County, Michigan, the location of the Wendy Property.  The United States can still enforce these tax liens notwithstanding any bankruptcy discharge or any claimed "homestead" or other exemption.  Liens to secure payment of a pre-petition debt survive, or "ride through," a Chapter 7 bankruptcy and discharge.  *In re Kalabat*, 592 B.R. 134, 143 (Bankr. E.D. Mich. 2018); *see also Johnson v. Home State Bank*, 501 U.S. 78, 85 (1991) (noting that a "mortgage lien that passes through a Chapter 7 proceeding" may provide "an obligation enforceable against the debtor's property"); *United States v.*

7

*Toler*, 666 F. Supp. 2d 872, 882 (S.D. Ohio 2009). And, under 11 U.S.C. § 522(c), because notices of the liens were duly filed, the liens are not affected by any exemption.[2]

- Income tax liabilities—judgment: As alleged in the proposed First Amended and Supplemented Complaint, the Jacksons' liabilities for income taxes and interest are excepted from discharge under 11 U.S.C. § 523(a)(1)(C), which excepts from discharge certain liabilities "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." (As indicated in the proposed First Amended and Supplemented Complaint, the United States is not asserting any discharge exception for the penalties related to the income taxes.)

- Civil penalties: As with the income tax liabilities, the recorded liens for the civil penalties (under 26 U.S.C. § 6701 and 6702) attach to the Wendy Property and survive the bankruptcy discharge. While personal liability for

---

[2] As indicated in the proposed Amended and Supplemented Complaint (paragraph 44, note 4), some of the tax liens were erroneously released and then reinstated by revocations of the releases pursuant to 26 U.S.C. § 6323(f). Case law is uniform that this revocation-of-release is permissible even after a bankruptcy discharge and will reinstate the pre-bankruptcy lien against property that passed through the bankruptcy subject to the lien, although its priority is determined by the reinstatement date. *United States v. Rogers*, 558 F.Supp.2d 774, 790-91 (N.D. Ohio. 2008); *United States v. Webb*, 486 F.Supp.3d 1238 (S.D. Ind. 2020); *In re Toledo*, 395 B.R. 794 (Bankr. S.D. Fla. 2008); *United States v. Peterson*, Case No. C91-1522C, 1993 WL 151850, at *1 (W.D. Wash. Feb. 11, 1993).

the civil penalties was discharged and the United States no longer seeks a personal liability judgment for them, the liens securing these pre-petition debts against the property can still be enforced.

In summary, the United States' proposed First Amended and Supplemented Complaint, attached to this motion, adds allegations concerning the bankruptcy discharge and its consequences, updates allegations concerning innocent spouse relief and makes related changes based on Holly Jackson's liability for joint income tax liabilities, expands the claim to enforce the criminal restitution judgment with a claim to enforce the related civil restitution-based assessments and obtain a judgment for them, and removes from the complaint and caption the lienholder Sabo Acceptance whose mortgage has been discharged. In this way, the proposed complaint updates the parties and claims in response to intervening events, and thus leave to file the Amended and Supplemented complaint is warranted.

For these reasons, the Court should grant the United States leave to file its proposed First Amended and Supplemented Complaint as its operative complaint in this action.

Respectfully submitted,

| | |
|---|---|
| DAWN N. ISON<br>United States Attorney<br><br>JACQUELINE M. HOTZ<br>Assistant U.S. Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, MI 48226<br>Tel: (313) 226-9108<br>Jackie.Hotz@usdoj.gov<br>Mich. Bar No.: P35219 | DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br>Tax Division, U.S. Department of Justice<br><br>*/s/ Ryan D. Galisewski*<br>RYAN D. GALISEWSKI<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-3719 / Fax: (202) 514-5238<br>Ryan.D.Galisewski@usdoj.gov |

10

## CERTIFICATE OF SERVICE

I certify that service of the foregoing *Plaintiff United States' Motion for Leave to File an Amended and Supplemented Complaint* has this 5th day of October 2022 been made via electronic notification through the Court's CM/ECF electronic filing system, to all parties who have entered an appearance in this action and are participating in the Court's CM/ECF electronic filing system.

Copies of these documents have also been sent via U.S. Mail to:

Damian Jackson
33160 Wendy Dr.
Sterling Heights, MI 48310
*Pro Se Defendant*

Holly Jackson
33160 Wendy Dr.
Sterling Heights, MI 48310
*Pro Se Defendant*

/s/ Ryan D. Galisewski
RYAN D. GALISEWSKI
Trial Attorney, Tax Division
U.S. Department of Justice