IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,       )
                                )    Case No. 19-cv-10750-NGE
          Plaintiff,            )
                                )    Judge Nancy G. Edmunds
     v.                         )
                                )
DAMIAN JACKSON;                 )
HOLLY JACKSON;                  )
STREAMLINE PROPERTY             )
   SOLUTIONS, LLC;              )
MACOMB COUNTY, MICHIGAN; and    )
STATE OF MICHIGAN,              )
                                )
          Defendants.           )

**FIRST AMENDED AND SUPPLEMENTED COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney

General and with the authorization of a delegate of the Secretary of the Treasury,

pursuant to 26 U.S.C. § 7401, brings this civil action (1) to enforce federal tax liens

securing unpaid taxes, civil penalties, and restitution assessed against Damian

Jackson and Holly Jackson against certain real property belonging to them; (2) to

enforce statutory liens for criminal judgments of restitution against the same real

property; (3) to reduce to judgment restitution-based assessments against Damian

Jackson and Holly Jackson based on their criminal judgments, which are excepted

from bankruptcy discharge under 11 U.S.C. § 523(a)(13); and (4) to reduce to

judgment joint income tax liabilities against Damian and Holly Jackson, which are

excepted from bankruptcy discharge under 11 U.S.C. § 523(a)(1)(C).[1]  For its

complaint, the United States alleges as follows:

JURISDICTION, PARTIES, AND PROPERTY

1.      The district court has jurisdiction with regard to the tax liens under

26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345; and with

regard to the criminal judgment liens, under 18 U.S.C. § 3613(a) and 28 U.S.C.

§§ 1345 and 1355.

2.      The defendant Damian Jackson resides in Sterling Heights, Michigan,

within the jurisdiction of this Court.

3.      The defendant Holly Jackson is married to Damian Jackson and

resides in Sterling Heights, Michigan, within the jurisdiction of this Court.

4.      Defendant Streamline Property Solutions, LLC, is a limited liability

company organized in the State of Michigan and is joined as a party as required by

26 U.S.C. § 7403(b), because it has, or may claim, an interest in the property

described below.

5.      Defendant Streamline Property Solutions, LLC, is owned by

Defendant Damian Jackson.

---

[1] The original Complaint was filed on March 12, 2019.  It is supplemented pursuant to Rule 15(d) in light of post-Complaint events, namely the intervening bankruptcies and the denial of Holly Jackson's request for innocent spouse relief. It is also amended to remove Sabo Acceptance Corp. as a defendant because its mortgage that gave it a claim to the Wendy Property had been discharged.

6.      Defendant Macomb County, State of Michigan, is joined as a party as required by 26 U.S.C. § 7403(b) because it may have or acquire by the time of any judicial sale in this action, an interest in the property described below, and because this Court has exclusive jurisdiction over the subject property under 26 U.S.C. § 7403 and the County may not use any other administrative or judicial proceeding to sell the property during the pendency of this case.

7.       Defendant State of Michigan is joined as a party as required by 26 U.S.C. § 7403(b) because it has, or may claim, an interest in the property described below.

8.      The real property against which the United States seeks to enforce the federal tax liens and the restitution judgment is commonly known as 33160 Wendy Drive, Sterling Heights, MI 48310 (the "Wendy Property"). The legal description of the Real Property is as follows:

> Lot 10, Koresky Subdivision, according to the plat thereof as recorded in Liber 95 of Plats, Page 14, Macomb County Records

**ASSESSMENTS FOR INCOME TAX AND CIVIL PREPARER PENALTIES**

9.      A delegate of the Secretary of the Treasury made joint assessments against Damian Jackson and Holly Jackson for income taxes and penalties for the periods, on the dates, and in the amounts described below, which have balances

due, including assessed or accrued penalties under 26 U.S.C. §§ 6651 and 6655,

and interest, and costs, as of September 23, 2022, as follows:

| Tax Period Ending | Assessment Date | Balance Due September 23, 2022 |
|---|---|---|
| December 31, 2005 | March 16, 2009 | $6,841.75 |
| December 31, 2009 | October 18, 2010 | $26,207.57 |
| December 31, 2010 | March 21, 2011 | $61,796.79 |
| December 31, 2011 | December 14, 2015 | $9,292.64 |
| December 31, 2012 | April 4, 2016 | $55,319.49 |
| December 31, 2013 | January 11, 2016 | $77,152.28 |
| December 31, 2014 | February 15, 2016 | $64,688.75 |
| December 31, 2015 | June 13, 2016 | $14,606.04 |
| | Total | $315,905.31 |

10.     Notice of the liabilities described in paragraph 9 was given to, and payment demanded from, Damian and Holly Jackson.

11.     Despite proper notice and demand, Damian and Holly Jackson have failed, neglected, or refused to fully pay the liabilities described in paragraph 9 above, and after the application of all abatements, payments, and credits, they remain liable to the United States in the amount of $315,905.31, plus statutory additions accruing from and after September 23, 2022, except to the extent that the penalties were discharged in their bankruptcy cases.

12.     On or about May 14, 2018, Defendant Holly Jackson submitted to the Internal Revenue Service a request for innocent spouse relief from the income tax liabilities described above in paragraph 9.  The Internal Revenue Service denied

4

this request for innocent spouse relief.  Holly Jackson did not appeal the denial to the United States Tax Court.

13.     A delegate of the Secretary of the Treasury made assessments against Damian Jackson for penalties pursuant to 26 U.S.C. §§ 6701 (preparer/promoter penalty) and 6702 (frivolous submission penalty) for the periods, and on the dates, described below, which have balances due with interest, accruals, and costs as of June 6, 2022, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Balance Due June 6, 2022 |
|---|---|---|---|
| December 31, 2005 | September 6, 2010 | 26 U.S.C. § 6702 | $7,836.09 |
| December 31, 2006 | May 24, 2010 | 26 U.S.C. § 6702 | $7,927.03 |
| December 31, 2007 | August 30, 2010 | 26 U.S.C. § 6702 | $7,842.16 |
| December 31, 2008 | August 30, 2010 | 26 U.S.C. § 6702 | $7,710.67 |
| December 31, 2010 | October 24, 2016 | 26 U.S.C. § 6701 | $155,623.30 |
| Total | | | $186,939.25 |

14.     Notice of the liabilities described in paragraph 13 was given to, and payment demanded from, Damian Jackson.

15.     Despite proper notice and demand, Damian Jackson failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, his pre-bankruptcy assets remain liable to the United States in the amount of $186,939.25, plus statutory additions accruing from and after June 6, 2022.

16.   A delegate of the Secretary of the Treasury made assessments against Holly Jackson for penalties pursuant to 26 U.S.C. §§ 6701 (preparer/promoter penalty) and 6702 (frivolous submission penalty) for the periods, and on the dates, described below, which have balances due with interest, accruals, and costs as of June 6, 2022, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Balance Due June 6, 2022 |
|---|---|---|---|
| December 31, 2005 | September 6, 2010 | 26 U.S.C. § 6702 | $7,704.73 |
| December 31, 2006 | May 24, 2010 | 26 U.S.C. § 6702 | $7,877.44 |
| December 31, 2007 | August 30, 2010 | 26 U.S.C. § 6702 | $7,776.36 |
| December 31, 2008 | August 30, 2010 | 26 U.S.C. § 6702 | $7,710.67 |
| December 31, 2009 | October 24, 2016 | 26 U.S.C. § 6701 | $16,540.13 |
| December 31, 2010 | October 24, 2016 | 26 U.S.C. § 6701 | $161,842.90 |
| Total | | | $209,452.23 |

17.   Notice of the liabilities described in paragraph 16 was given to, and payment demanded from, Holly Jackson.

18.   Despite proper notice and demand, Holly Jackson failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, her pre-bankruptcy assets remain liable to the United States in the amount of $209,452.23, plus statutory additions accruing from and after June 6, 2022.

## CRIMINAL PLEA AGREEMENT AND RESTITUTION

19.   On April 16, 2015, Damian Jackson pleaded guilty to Conspiracy to Defraud the Government by Submitting False Claims, 18 U.S.C. § 286.  In his

plea, Damian Jackson agreed, among other things, that he is liable for "the preparer/promoter penalties under 26 U.S.C. §§ 6694 or 6701, and the frivolous submission penalty under 26 U.S.C. § 6702" described in paragraph 13.

20.    As part of his plea agreement, Damian Jackson agreed "not to challenge or dispute" any of the civil penalties described in paragraph 13.

21.    On April 16, 2015, Holly Jackson pleaded guilty to Conspiracy to Defraud the Government by Submitting False Claims, 18 U.S.C. § 286.  In her plea, Holly Jackson agreed, among other things, that she is liable for "the preparer/promoter penalties under 26 U.S.C. §§ 6694 or 6701, and the frivolous submission penalty under 26 U.S.C. § 6702" described in paragraph 16.

22.    As part of her plea agreement, Holly Jackson agreed "not to challenge or dispute" any of the civil penalties described in paragraph 16.

23.    As part of the Plea Agreements that Defendants Damian Jackson and Holly Jackson entered into on April 16, 2015, the Defendants each agreed to the entry of an order of restitution for $670,342.00.

24.    On August 12, 2015, judgments were entered against Damian Jackson and Holly Jackson pursuant to their April 16, 2015 guilty pleas, and they were each ordered to pay restitution in the amount of $670,342.00, which liability is joint and several.

25.     The restitution judgments against Damian Jackson and Holly Jackson gave rise to a statutory lien on August 12, 2015, upon the pronouncement of the sentence, pursuant to 18 U.S.C. § 3613(c), and that lien attached to all property and rights to property of Damian Jackson and Holly Jackson, including but not limited to their interest in the Wendy Property.

26.     The restitution judgments against Damian Jackson and Holly Jackson were recorded in the Macomb County Register of Deeds on October 14, 2015, pursuant to 18 U.S.C. § 3613(d).

27.     A delegate of the Secretary of the Treasury made assessments against Damian Jackson based on his criminal restitution pursuant to 26 U.S.C. § 6201(a)(4) for the periods, and on the dates, and in the amounts described below, which have balances due as follows:

| Tax Period Ending | Assessment Date | Balance Due |
|---|---|---|
| December 31, 2006 | February 15, 2016 | $174,659.00 (as of 8/15/2022) |
| December 31, 2009 | February 15, 2016 | $334,655.28 (as of 8/15/2022) |

28.     A delegate of the Secretary of the Treasury made an assessment against Holly Jackson based on her criminal restitution pursuant to 26 U.S.C. § 6201(a)(4) for the periods, and on the dates, described below, which have balances due as follows:

| Tax Period Ending | Assessment Date | Balance Due |
|---|---|---|
| December 31, 2006 | February 15, 2016 | $174,697.00[2] (as of 8/8/2022) |
| December 31, 2009 | November 16, 2015 | $334,655.28 (as of 8/8/2022) |

## BANKRUPTCY CASES AND DISCHARGE

29.     On June 13, 2019, defendant Holly Jackson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, assigned to Bankruptcy Case No. 19-48831 in the Bankruptcy Court for the Eastern District of Michigan.  On October 15, 2019, the bankruptcy court closed Holly Jackson's bankruptcy case, after entering a discharge.

30.     On March 17, 2020, defendant Damian Jackson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, assigned to Bankruptcy Case No. 20-43978 in the Bankruptcy Court for the Eastern District of Michigan. On January 24, 2022, the bankruptcy court closed Damian Jackson's bankruptcy case, after entering a discharge.

---

[2] The difference in account balances for the 2006 restitution-based assessments is due to a difference in charges for fees and expenses for collection:  Damian's account reflects $22 in such fees and expenses, while Holly's reflects $60.

9

31.     The restitution judgments and restitution-based assessments described in paragraphs 23 to 28 above are excepted under 11 U.S.C. § 523(a)(13) from the bankruptcy discharges (described above) entered by the Bankruptcy Court for the Eastern District of Michigan for defendants Damian Jackson and Holly Jackson.[3]

## COUNT ONE
### Claim that the Wendy Property Transfer to Streamline Property Solutions LLC was Fraudulent

32.     The United States incorporates by reference paragraphs 1 through 31, as if specifically realleged herein.

33.     Damian Jackson and Holly Jackson acquired the Wendy Property from Gary Becker and Barbara Becker, by Warranty Deed dated June 9, 2015.

34.     "Damian Jackson and Holly Jackson, husband and wife," quitclaimed the Wendy Property to Streamline Property Solutions, LLC, for consideration of $1.00, by quitclaim deed dated June 11, 2015, and recorded with the Macomb County Register of Deeds on July 9, 2015.

35.     Streamline Property Solutions, LLC quitclaimed the Wendy Property to "Streamline Property Solutions, LLC and Damian Jackson and Holly Jackson, husband and wife," for consideration of $10.00, by quitclaim deed dated October 14, 2015, signed by "Streamline Property Solutions, LLC / Managing

---

[3] The extent to which the other liabilities are excepted from discharge are addressed below in other counts.

Member / Damian Jackson," and recorded with the Macomb County Register of Deeds on October 16, 2015.

36.     Upon information and belief, Damian Jackson's and Holly Jackson's purported conveyance of the Wendy Property to Streamline Property Solutions, LLC, was made with the actual intent to hinder, delay, or defraud the United States of America.  In addition to the facts alleged in the following paragraphs, the transfer occurred just three months prior to the inception of the criminal judgment lien under 18 U.S.C. § 3613(c) and after all of the tax liabilities described above, except for the 2015 income tax liability, arose.

37.     Upon information and belief, Damian Jackson and Holly Jackson remained in possession and control of the Wendy Property at all times after June 11, 2015.

38.     Upon information and belief, Damian Jackson and Holly Jackson were insolvent or became insolvent shortly after June 11, 2015.

39.     Pursuant to Michigan Compiled Laws 556.34(a), the purported conveyance of Damian Jackson's and Holly Jackson's interest in the Wendy Property to Streamline Property Solutions, LLC is void as to the United States of America.

40.     Even if the transfer was not fraudulent, Streamline Property Solutions, LLC is the alter ego of Damian and/or Holly Jackson as alleged in paragraph 47 below.

## COUNT TWO
## Claim to Enforce Federal Tax Liens Against Real Property

41.     The United States incorporates by reference paragraphs 1 through 40 as if specifically realleged herein.

42.     Because Damian Jackson neglected, refused, or failed to pay the liabilities described in paragraphs 9 and 13, and 27, and after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to Damian Jackson, including the Wendy Property.

43.     Because Holly Jackson neglected, refused, or failed to pay the liabilities described in paragraphs 9, 16, and 28, and after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to Holly Jackson, including the Wendy Property.

44.     Notices of Federal Tax Lien ("NFTL") were filed against Damian and Holly Jackson for the income tax liabilities, civil penalties, and restitution-based liabilities described in paragraphs 9, 13, 16, 27, and 28 above, with the Macomb County Register of Deeds, in accordance with 26 U.S.C. § 6323(f), as follows:

| Type of Liability | Liable Taxpayer | Tax Periods (ending Dec. 31) | NFTL Filing Date[4] |
|---|---|---|---|
| Income Tax (1040) | Damian | 2011 2013 2014 | March 15, 2016 |
| Income Tax (1040) | Damian | 2012 | May 10,2016 |
| Income Tax (1040) | Damian | 2015 | July 18, 2016 |
| Income Tax (1040) | Holly | 2011 2012 2013 2014 2015 | July 19, 2022[4] |
| Income Tax (1040) | Damian and Holly (joint) | 2005 2009 2010 | July 19, 2022[4] |
| Civil Penalty (§ 6701) | Damian | 2010 | January 17, 2017 |
| Civil Penalty (§ 6702) | Damian | 2006 | June 8, 2015 (refiled July 23, 2019) |
| Civil Penalty (§ 6702) | Damian | 2007 2008 | June 8, 2015 (refiled October 23, 2019) |
| Civil Penalty (§ 6702) | Damian | 2005 | June 8, 2015 (refiled October 29, 2019) |
| Civil Penalty (§ 6701) | Holly | 2009 2010 | December 13, 2016 |

[4] To provide an explanation for the more recently filed NFTLs filed on May 23, 2022, and July 19, 2022: For certain income tax liabilities, earlier NFTLs were erroneously released, some partially as to Holly (but not Damian) in the aftermath of her bankruptcy and some self-released as to Damian based on a failure to refile the original NFTL within the statutory time period for refiling. For those that were erroneously released in these ways, certificates of revocation of the releases were recorded, operating to reinstate the lien pursuant to 26 U.S.C. § 6325(f), before the replacement and now-operative NFTLs were filed (*viz.*, those listed here and filed on July 19, 2022). Similarly, Holly's restitution-based liability was erroneously released, the release was revoked, and then a replacement NFTL filed on May 23, 2022. The other NFTL filed in 2022, for Damian's restitution-based assessment, was filed because no notice had yet been filed for that liability in Macomb County.

13

| Civil Penalty (§ 6702) | Holly | 2006 | November 10, 2015 (refiled July 23, 2019) |
| Civil Penalty (§ 6702) | Holly | 2005 2007 2008 | November 10, 2015 (refiled October 29, 2019) |
| Restitution-based assessment | Holly | 2006 2009 | May 23, 2022[4] |
| Restitution-based assessment | Damian | 2006 2009 | July 19, 2022[2] |

45.     Streamline Property Solutions, LLC, does not qualify as a "purchaser" under 26 U.S.C. § 6323(a), and thus the liens are valid which had arisen by the time of the transfer to that entity and were not later erroneously released.

46.     The purported transfer of the Wendy Property from Damian and Holly Jackson to Streamline Property Solutions, LLC, was made subject to the United States' tax liens described in the preceding paragraph.

47.     In addition, Streamline Property Solutions, LLC, is the alter ego of Damian and/or Holly Jackson.  It is owned and operated directly by Damian Jackson and/or Holly Jackson; Streamline Property Solutions, LLC, lists the Jacksons' personal residence as its business location; Damian Jackson and Holly Jackson commingle their assets with Streamline Property Solutions, LLC, and use the LLC's accounts for personal expenses; and Damian Jackson and Holly Jackson use the bank accounts of Streamline Property Solutions, LLC, to hide assets from the Internal Revenue Service.  Because it is the alter ego of Damian and/or Holly

14

Jackson, Streamline Properties Solutions, LLC is also liable for the tax liabilities and the Jacksons' liens therefore attach to all of its property and rights to property. Alternatively, Streamline Properties Solutions, LLC's current interest in the Wendy Property is held by it as the agent, straw man, stand-in, or nominee of Damian and/or Holly Jackson, or as the trustee of a resulting trust or a constructive trust.

48.     Notwithstanding the bankruptcy discharges of Damian Jackson and Holly Jackson described above, the federal tax liens secured by the recorded notices described in paragraph 44, including those reinstated pursuant to 26 U.S.C. § 6325(f), survived the bankruptcies and are still enforceable against each for property acquired before the bankruptcy petition, including the liens for penalties that were discharged in bankruptcy.

49.     The United States is entitled to enforce the federal tax liens described in paragraphs 42 and 43 against the Wendy Property pursuant to 26 U.S.C. § 7403 and to have the entire Wendy Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed, after the payment of the costs of sale and any real estate taxes due and owing, to the United States except to the extent another party establishes a superior interest.

## COUNT THREE
## Claim to Enforce Restitution Judgment Lien Against Real Property

50.     The United States incorporates by reference paragraphs 1 through 49 as if specifically realleged herein.

51.     Pursuant to 18 U.S.C. § 3613(c), a lien arose in respect to the August 12, 2015 judgments against Damian Jackson and Holly Jackson and the same may be enforced against the Wendy Property by having the Wendy Property be sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, with the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, to the United States, except to the extent another party establishes a superior interest.

## COUNT FOUR
## Claim to Reduce Restitution-Based Assessments to Civil Judgments Against Damian Jackson and Holly Jackson

52.     The United States incorporates by reference paragraphs 1 through 3 and 19 through 31 as if specifically realleged herein.

53.     Despite proper notice and demand, Damian Jackson has failed, neglected, or refused to fully pay the restitution-based assessment liabilities described in paragraph 27 above, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amounts of $174,659.00, for the tax period ending December 31, 2006, and $334,655.28 for the tax period ending December 31, 2009, plus applicable statutory additions.

16

54.     Despite proper notice and demand, Holly Jackson has failed, neglected, or refused to fully pay the restitution-based assessment liabilities described in paragraph 28 above, and after the application of all abatements, payments, and credits, she remains liable to the United States in the amounts of $174,697.00, for the tax period ending December 31, 2006, and $334,655.28 for the tax period ending December 31, 2009, plus applicable statutory additions.

55.     These restitution-based assessment liabilities are excepted from bankruptcy discharge under 11 U.S.C. § 523(a)(13).

56.     To the extent not satisfied by proceeds of a sale of the Wendy Property, the Court should enter judgment for the remaining unpaid restitution-based assessment liabilities.

## COUNT FIVE
**Claim to Declare Income Tax Liabilities Nondischargeable and Reduce Income Tax Liabilities to Judgment Against Damian and Holly Jackson**

57.     The United States incorporates by reference paragraphs 1 through 3 and 9 through 12 as if specifically realleged herein.

58.     Despite proper notice and demand, Damian and Holly Jackson have failed, neglected, or refused to fully pay the liabilities described in paragraph 9 above, and after the application of all abatements, payments, and credits, they remain liable to the United States in the amount of $315,905.31, plus statutory

additions accruing from and after September 23, 2022, except to the extent that the penalties were discharged in their bankruptcy cases.

59.     The liabilities for taxes described in paragraph 9 above, which amount to $233,495.73 including the interest on tax as of September 23, 2022, are excepted from bankruptcy discharge under 11 U.S.C. § 523(a)(1)(C) because the defendants Damian and Holly Jackson willfully attempted to evade or defeat the taxes in one or more of several ways, including engaging in conduct to evade or undermine IRS collection attempts by:

a.     clouding the title to the Wendy Property by transferring title to Streamline Property Solutions, LLC, an entity owned by Damian Jackson;

b.     commingling personal assets with business entities including Streamline Property Solutions, LLC and Recovery Systems 1, LLC;

c.     using such business entities' bank accounts for personal expenses;

d.     using such business entities' bank accounts to hide assets from the Internal Revenue Service.To the extent not satisfied by proceeds of a sale of the Wendy Property, the Court should enter judgment for the remaining unpaid income tax liabilities;

e.     not making adequate payments of estimated quarterly taxes for at least

seven consecutive years while filing returns many years late for the

last five of those seven years; and

f.     earning substantial income over a period including at least seven

consecutive years without paying any or nearly sufficient tax or

making substantial payments toward overdue tax for prior years, while

spending disposable income in those years and subsequent years prior

to the bankruptcy petition on other non-essential things.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff United States of America respectfully requests

a judgment determining that:

A.     The purported transfer of Damian Jackson's and Holly Jackson's

interest in the Wendy Property to Streamline Property Solutions, LLC, is void as a

fraudulent transfer, pursuant to MCL 566.34, as to the plaintiff United States;

B.     The United States has valid and subsisting federal tax liens under

26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraphs 9, 13,

16, 27, and 28 on all property and rights to property belonging to the defendant

Damian Jackson, for his respective liabilities, and/or belonging to the defendant

Holly Jackson, for her respective liabilities, including the Wendy Property;

C.     The United States has valid and subsisting restitution judgment liens under 18 U.S.C. § 3613(c) against the Wendy Property;

D.     The federal tax liens and restitution judgment liens shall be enforced by ordering the sale of the entire Wendy Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Wendy Property; second, to the defendant Macomb County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the restitution judgments and the liabilities described in paragraphs 9, 13, 16, 27, and 28, except to the extent that the Court determines that another party has a superior right, title, claim, lien, or interest;

E.     The defendant Damian Jackson is liable to the plaintiff United States for restitution-based assessments made under 26 U.S.C. § 6201(a)(4) for the tax periods ending December 31, 2006, and December 31, 2009, in the amounts of $174,659.00 and $334,655.28 respectively, plus applicable statutory additions;

F.     The defendant Holly Jackson is liable to the plaintiff United States for restitution-based assessments made under 26 U.S.C. § 6201(a)(4) for the tax

periods ending December 31, 2006, and December 31, 2009, in the amounts of $174,697.00 and $334,655.28 respectively, plus applicable statutory additions;

      G.     That the liabilities of defendants Damian and Holly Jackson for income taxes and interest for the periods ending December 31, 2005, 2009, 2010, 2011, 2012, 2013, 2014, and 2015 are excepted from discharge under 11 U.S.C. § 523(a)(1)(C), and the defendants Damian and Holly Jackson are liable to the plaintiff United States for those income tax liabilities in the amount of $233,495.73, plus statutory additions accruing from and after September 23, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);[5] and,

---

[5] The United States is waiving and thus not asserting nondischargeability of the income tax penalties under 11 U.S.C. § 523(a)(7)(A), in view of the fact that most courts have held that § 523(a)(7)(B) must also be met, although the United States does not agree with that interpretation of the statute.

21

H.     The United States of America shall recover its costs, and be awarded

such other and further relief as the Court determines is just and proper.

                                  Respectfully submitted,

                                  DAVID A. HUBBERT
                                  Deputy Assistant Attorney General
DAWN N. ISON                      Tax Division, U.S. Department of Justice
United States Attorney

                                  */s/ Ryan D. Galisewski*
JACQUELINE M. HOTZ                RYAN D. GALISEWSKI
Assistant U.S. Attorney           Trial Attorney, Tax Division
211 W. Fort Street, Ste. 2001     U.S. Department of Justice
Detroit, MI 48226                 P.O. Box 55, Ben Franklin Station
Tel: (313) 226-9108               Washington, D.C. 20044
Jackie.Hotz@usdoj.gov             Tel: (202) 305-3719 / Fax: (202) 514-5238
Mich Bar No.: P35219              Ryan.D.Galisewski@usdoj.gov

22