UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMIEN JACKSON, et. al,

    Defendants.

_____/

Case No. 19-10750
Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [54] AND JOINT MOTION TO DISMISS THE STATE OF MICHIGAN [63]**

This matter is before the Court on the Magistrate Judge's January 1, 2024, Report and Recommendation. (ECF No. 67.) The Magistrate Judge recommends that the Court grant the Government's motion for partial summary judgment and the joint motion to dismiss the State of Michigan. (ECF Nos. 54; 63.) The Jacksons filed objections to the report and recommendation (ECF No.68) and the Government responded (ECF No. 69). The Jacksons did not file a timely response to the joint motion to dismiss the State of Michigan. For the following reasons, the Court OVERRULES the Jacksons' objections and GRANTS the Government's motions. The issue of whether the Jacksons' joint income tax liabilities are excepted from the bankruptcy discharges under 11 U.S.C. § 523(a)(1)(C) remains. (ECF No. 67, PageIDs.967–8; ECF No. 36, PageIDs.247–8.)

When considering a report and recommendation from a magistrate judge, the Court reviews *de novo* those portions of the report and recommendation to which timely objections have been made. *See* 28 U.S.C. §636(b)(1). Thereafter, the Court "may

accept, reject, or modify, in whole or in part" the report and recommendation. *Id. See also* Fed. R. Civ. P. 72(b)(3). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that lack specificity or those that restate arguments previously presented or simply disagree with the magistrate judge's conclusions should be overruled. *See Cole*, 7 F. App'x at 356; *Miller*, 50 F.3d at 380; *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017); *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

The Jacksons filed five objections to the Magistrate Judge's Report and Recommendation. (ECF No. 68). The objections fail to identify specific errors by the Magistrate Judge and merely repeat the same arguments they made in opposition to the Government's motion. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial

resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the record and agrees with the Magistrate Judge's conclusion and thorough analysis of the issues. Thus, the Court OVERRULES the Jacksons' objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 67). Accordingly, the Government's motions (ECF Nos. 54 and 63) are GRANTED and the State of Michigan is DISMISSED.

      SO ORDERED.

                                          s/ Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: March 31, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2025, by electronic and/or ordinary mail.

                                          s/ Marlena Williams
                                          Case Manager