IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case 2:19-cv-10750-NGE-SDD |
| Plaintiff, ) | |
| ) | Hon. Nancy G. Edmunds |
| v. ) | |
| ) | Mag. Judge Kimberly G. Altman |
| DAMIAN JACKSON; ) | |
| HOLLY JACKSON; ) | |
| STREAMLINE PROPERTY ) | |
| SOLUTIONS, LLC; and ) | |
| MACOMB COUNTY, MICHIGAN, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF UNITED STATES' OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE REQUEST FOR ENTRY OF FINAL JUDGMENT**

The plaintiff United States of America opposes Defendants' Motion to Strike Plaintiff's Request for Entry of Final Judgment and Request for Dismissal of Remaining Claim (Dkt. #74), directed at the United States' motion for entry of a separate judgment and simultaneous dismissal of Count V (Dkt. #73). There is simply no basis or need to strike the United States' request.

The premise of Defendants' motion to strike is that the Court should first address Defendants' Motion for Reconsideration (Dkt. #72), seeking to challenge the Court's order granting summary judgment in favor of the United States (Dkt. #70). The United States will not address the merits of the motion for

1

reconsideration; the Court has not ordered a response and thus one is not permitted. *See* E.D. Mich. L.R. 7.1(h)(3).

Striking the United States' request is not consistent with Fed. R. Civ. P. 12(f) and is unnecessary because Defendants' concern is only with sequencing. For purposes of judicial efficiency, the United States will not object if the Court resolves the United States' request for entry of final judgment at the same time as it resolves the pending motion for reconsideration, so long as these pending motions do not delay enforcement of the tax liens as ordered by the Court.[1]

Defendants cite no authority for striking the request for entry of a separate and final judgment. Fed. R. Civ. P. 12(f) does not apply to these requests. Rule 12 addresses only striking certain matters from pleadings and has no bearing on a simple request for entry of judgment based on a prior decision, or on withdrawing one claim in a multi-claim complaint. There is nothing in the United States' request that is "redundant, immaterial, impertinent, or scandalous."

Lastly, it is puzzling that Defendants take issue with the United States' request to dismiss Count V. That count is a claim against the Defendants, which

---

[1] It is premature to question whether the pending motions must be resolved prior to enforcement. The United States will soon be filing a separate motion for the appointment of a real estate agent as a receiver to enforce its tax liens through a sale of Defendants' real property, in a manner similar to a sale by owner and thus enabling extraction of market value. If the other motions are still pending at that time, the United States may then address whether the pending motions must be resolved prior to the appointment of a receiver.

the United States is now conceding. Defendants' statement that Count V is "intertwined" with the reconsideration motion is wrong, because Count V was not at issue in whether to grant the summary judgment that Defendants want the Court to reconsider. Defendants make no other argument directed to the merits of dismissing Count V; entering final judgment is not a "ploy," but is simply the necessary outcome when there are no remaining claims to adjudicate.

WHEREFORE, the Court should deny Defendants' motion to strike (Dkt. #74). The Court should also deny Defendants' motion for reconsideration (Dkt. # 72) without requiring a response and grant the United States' request for entry of final judgment with dismissal of Count V (Dkt. #73).

Respectfully submitted,

*/s/ Ryan Galisewski*
RYAN D. GALISEWSKI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Phone: 202-598-5437
Fax: 202-514-5238
Ryan.D.Galisewski@usdoj.gov